UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SETH PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-00197-JMS-TAB ) |
| MARY RUTH SIMS Ph.D., HSPP, DANIEL RIPPETOE M.D., MARY ANN CHAVEZ D.O., DAVID MITCHEFF, | ) ) ) ) ) |
| Defendants. | ) ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Jason Perry brings this action pursuant to 42 U.S.C. 1983 alleging that he was forced to take antipsychotic medications against his will. The defendants have moved for summary judgment arguing that Perry has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before bringing this lawsuit. For the following reasons, the motion for summary judgment, dkt. [60], is **denied** and the defendants are provided notice of the Court's intent to grant summary judgment in favor of the plaintiff on this issue.

**Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable

inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

**Statement of Facts**

A. *Grievance Process*

At all times relevant to his claims in this suit, Perry was incarcerated by the IDOC at the Wabash Valley Correctional Facility. There is an Offender Grievance Process in place at Wabash Valley. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. All offenders are made aware of the Offender Grievance Process during orientation to the IDOC and its facilities. Further, copies of the Offender Grievance Process and its administrative procedures are placed in various locations in IDOC facilities for ready access by the offenders.

The complete Grievance Process consists of three stages: (i) an informal attempt to solve a problem or address a concern, (ii) the submission of a written formal grievance outlining the problem or concern and other supporting information, and the response to that submission, and (iii) a written appeal of the response to a higher authority and the response to that appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

B. *Perry's Grievances*

Perry alleges that in August of 2016, he was forced to take anti-psychotic medication against his will. Perry's History of Grievances reflects that although he filed multiple grievances related to other issues, he did not file any grievances related to the issues that are the subject of his lawsuit. Perry attempted to informally grieve this issue with his therapist Dr. Robloy who told him that the only proper way to resolve the decision is through the designated appeal form. Perry has provided a copy of the "Appeal of Treatment Review Committee Decision" form in which he challenges the decision to provide him with the medication at issue in the complaint. That form provides as follows:

> An appeal of the decision to approve the involuntary administration of medication must be made within five (5) days of the date that the written decision was received from the Treatment Review Committee. The individual making the appeal will explain the reasons for the appeal below and send it to the Chairman of the Treatment Review Committee who will forward it to the Department of Correction Medical Director. The Department's Medical Director shall be the final reviewing authority for the appeal.

The form also states: "IF YOU DISAGREE WITH THE DECISION OF THE DEPARTMENT'S MEDICAL DIRECTOR, YOU MAY APPEAL THIS DECISION IN STATE COURT." Perry appealed the involuntary medication decision using the Appeal of Treatment Review Committee Decision form.

**Discussion**

The defendants argue that Perry failed to exhaust his available administrative remedies on his claim that the defendants forced him to take anti-psychotic medications. Perry argues that he tried to grieve the issue informally with his therapist, that she told him that the only way to do so is through the treatment review committee appeal form, and that he filed an appeal using that form.

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).

The PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement depends on the "availab[ility]" of administrative remedies: Thus, an inmate must exhaust available remedies, but need not exhaust unavailable ones. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). In other words, prison staff who have the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Thomas v. Reese*, 787 F.3d 845, 847-48 (7th Cir. 2015) (grievance process was unavailable when the inmate was told he could not file a grievance).

Here, Perry asserts that he was told that the proper way to appeal the medication decision was to file an Appeal of Treatment Review Committee Decision and that he did so. The defendants agree that the decision to provide involuntary psychotropic medication is appealed in this manner, but they argue that, after the denial of this appeal, Perry still should have filed a

grievance. They point out that IDOC Health Care Service Directives contemplate the use of the Offender Grievance Process, but they do not show that Perry was or should have been aware of these Directives. To the contrary, Perry was told that submitting the Appeal of Treatment Review Committee Decision was the proper manner to appeal his concerns. Moreover, the form itself states "IF YOU DISAGREE WITH THE DECISION OF THE DEPARTMENT'S MEDICAL DIRECTOR, YOU MAY APPEAL THIS DECISION IN STATE COURT." Both of these statements indicated to Perry that he should not use the Grievance Process. Perry has therefore presented evidence that the Grievance Process was unavailable to him. *See Thomas*, 787 F.3d at 847-48.

Defendant Dr. Mitcheff also argues that the only role Perry alleges he played in the involuntary medication decision was to review his Appeal of Treatment Review Committee Decision. Because Perry did not grieve Mitcheff's denial of the Appeal, Mitcheff argues, Perry failed to exhaust his available administrative remedies as to any claim against him. But, again, Perry has presented evidence that he reasonably believed, based on what he was told and based on the form itself, that to challenge the medication decision, he need only submit the Appeal of Treatment Review Committee Decision. In this way, Perry has presented evidence to support a conclusion that the Grievance Process was made unavailable. Because the grievance process overall was unavailable, it follows that it was unavailable as to his claims against Dr. Mitcheff.

## Conclusion

For the foregoing reasons, the defendants have not met their burden to show that Perry failed to exhaust those administrative remedies that were available to him. The motion for summary judgment, dkt. [60], is **denied**.

Also as discussed above, the current record before the Court shows that Perry is entitled to summary judgment on the defendant's affirmative defense of exhaustion. In other words, the record compels a conclusion that administrative remedies were made unavailable to Perry. Therefore, pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in the plaintiff's favor on this issue. The defendants have **through December 20, 2017**, in which to respond to the Court's proposal. Alternatively, the defendants may withdraw the affirmative defense by this date.

**IT IS SO ORDERED.**

Date: 11/22/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
INDIANA ATTORNEY GENERAL
christopher.farrington@atg.in.gov

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov