UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON SETH PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00197-JMS-TAB |
| | ) | |
| MARY RUTH SIMS Ph.D., HSPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Failure to Comply**

In his motion regarding the sufficiency of an answer, plaintiff Jason Perry challenges the sufficiency of certain answers to requests for admissions by the defendants. For the reasons discussed below, the motion, dkt. [157], is **granted in part and denied in part**.

**I. Standard for Requests for Admission**

Requests for admission are governed by Rule 36 of the Federal Rules of Civil Procedure. With regard to responses to requests for admission, that Rule provides

> **(4)** *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny

Fed. R. Civ. P. 36(a)(4). Rule 36(a)(6) provides for a motion to determine the sufficiency of an answer:

> **(6)** *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its

final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36.

## II. Discussion

The requests for Admission to each of the defendants will be discussed in turn.

A. *Mary Ruth Sims*

Request No. 2:

Mr. Perry stated: "On August 11th and February 1st Mary Ruth Sims agreed to force medicate Mr. Perry with a drug called Haldol that has been listed on his medical records before the hearings."

Defendant Sims' Response:

Denied as stated. The Report of the treatment review committee hearing on August 11, 2016 regarding the decision to recommend forced medications was as follows: "REASON(S) FOR APPROVAL/DENIAL: Approved because of violent history and current potential for violence secondary to his paranoia cause[d] by his mental illness; because of grave disability in the form of refusing food and threatening suicide because of wanting to get away from other offenders who he thought poured water into his outlet; and because his paranoia, anxiety, agitation creates such distress for himself. Goal is that pt is in less distress and stabilizes to the point where he can safely return to GP." The report of the treatment review committee on February 1, 2017 was as follows: "REASON(S) FOR APPROVAL/DENIAL: Approved because of violent history and current potential for violence secondary to his paranoia cause by his mental Illness; because of history of grave disability in the form of refusing food and threatening suicide because of wanting to get away from other offenders who he thought poured water into his outlet; and because his paranoia, anxiety, agitation create such distress for himself. Goal is that pt is in less distress and stabilizes to the point where he can safely return to GP with resumption of medication by injection."

Mr. Perry states that this response to this request is "evasive as answered." The Court agrees. The request states simply that Ms. Sims agreed to force medicate Mr. Perry with Haldol. While Ms. Sims denies the statement, she then goes on to state that forced medication was approved. Accordingly, Request No. 2 is **deemed admitted**.

Request No. 3:

Mr. Perry states: "On August 11th 2016 Mr. Perry did state to the hearing committee that he is allergic to Haldol and it made it hard for him to breathe."

Ms. Sims responds: "Admitted. However, Defendant Sims denies that there is any medical evidence that Mr. Perry is allergic to Haldol." Mr. Perry objects to this answer as "unnecessary." But because Ms. Sims admitted that Mr. Perry stated that he is allergic to Haldol, even though the admission is all that is contemplated under the Rule, **this answer is sufficient**.

Request No. 16:

Mr. Perry states: "Is it true you asked her opinion of me and my mental health concerns?"

Ms. Sims Responds:

Denied as stated. The medical record reporting the call received from Kelley Schneider on July 5, 2016 (MR 0038-0039) states: 'Ms. Schneider called and stated that she received letter from son that he would kill himself if he did not get PC'. Pt was seen and release obtained by Dr. Isberg. Mother was contacted and told that son was assessed and is not suicidal. She was asked her opinion of his clinical needs and said that she thought son was paranoid schizophrenic because he always thinks people are after him' and 'talked to people not there'. She said age of onset of these symptoms was 16 or 17.

Mr. Perry objects to this response as "evasive and contradictory." Request 16 asked whether Ms. Sims asked Kelley Schneider, Mr. Perry's mother, her opinion of his mental health concerns. Because Ms. Sims states in her answer that "She (Ms. Schneider) was asked her opinion of his clinical needs," **this request is deemed admitted**.

Request Nos. 18, 19, 20, 21, and 22: Ms. Sims refused to answer each of these requests because these requests were presented in the form of questions and not as requests for admission. **She shall treat these requests as interrogatories and respond accordingly**.

Request No. 23:

Mr. Perry states: "According to document Perry IDOC 0042 Mr. Perry filled out State Form 48406 (6-97)"

Ms. Sims responded stating: "Defendant Sims cannot admit or deny this Request because it is unclear to what document Plaintiff is referring."

Mr. Perry asserts that this response is evasive and incomplete. Rule 36(a)(2) provides that "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Sims states that the document at issue is an "IDOC document apparently produced by co-defendant, Dr. Mitcheff." Sims shall have **seven** days to notify the Court whether she has a copy of a document labeled Perry IDOC 0042. If she has a copy of it, she shall also admit or deny its genuineness. If she does not, Mr. Perry shall provide her with a copy within **fourteen days** of this Entry and she will have **seven days** after receiving it to admit or deny its genuineness.

Request 25:

Mr. Perry states: "According to 'Report of Treatment Review Committee Hearing' you based your decision to force medicate Mr. Perry using his criminal conviction of a man killing a woman because an MHP said 'Mr. Perry said his ex-wife was poisoning him' with no facts to support that claim made by the MHP."

Ms. Sims' Response: "Denied." Mr. Perry argues that the document he refers to states exactly what the Request for Admission says, but Mr. Perry can use the document to impeach Dr. Sims's testimony. **The denial is a sufficient answer under the Rules**.

B. *Mary Ann Chavez*

Request No. 1:

Mr. Perry states: "Defendant Mary Ann Chavez served as medical doctor in the forced medication of a drug called Haldol to be administered into Plaintiff Perry's body on August 11th, 2016."

Dr. Chavez's response: "Denied as stated. Dr. Chavez was present at the August 11, 2016 Treatment Review Committee hearing as a physician pursuant to the requirements of IDOC Health Care Service Directive 4.10."

Mr. Perry objects to this response arguing it is evasive. Because Dr. Chavez denied the request and explained her participation in the hearing, **this answer is sufficient**.

Request No. 2:

Mr. Perry states: "Mary Ann Chavez did agree to force medicate Mr. Perry with the drug Haldol that is listed on Plaintiff's medical records as being allergic to for years before the hearing took place."

Dr. Chavez's responded, "Denied."

Mr. Perry objects to this response arguing that Haldol is on his medical records as an allergy since 2014. While Mr. Perry disputes the accuracy of Dr. Chavez's answer, **her answer is sufficient**. He may use his medical records to support his claims when it is appropriate.

Request No. 3:

Mr. Perry states: "Plaintiff also told Mary Ann Chavez on August 11th 2016 that he is allergic to Haldol and it makes it hard for him to breathe."

Dr. Chavez's response:

> Denied as stated. Dr. Chavez was present at the August 11, 2016 treatment review committee hearing. The record of the hearing states that the offender's comments

were as follows: … "He said that he was allergic to Haldol, that he couldn't breathe well and locked up.'" …  Defendant Chavez denies that there is any medical evidence that Mr. Perry is allergic to Haldol.

The Request states that Mr. Perry told Dr. Chavez that he is allergic to Haldol and her response states that he said he is allergic to Haldol. This particular request makes no reference to whether there is any medical evidence regarding whether Mr. Perry is allergic to Haldol. Accordingly**, this request is deemed admitted**.

Request No. 7:

Mr. Perry states: "According to document Perry MR-0424 'Report of Treatment Review Committee Hearing' dated August 11th 2016 no questions were asked by defendant Mary Ann Chavez or no investigation was done by Mary Ann Chavez."

Dr. Chavez's response: "Denied. There are no such statements in the Report of the Treatment Review Committee at MR-0424."

Mr. Perry objects to this response arguing that the report states all of the questions and answers at the hearing. Again, if Mr. Perry believes this response is inaccurate, he can argue this point, based on the documents, when it is appropriate. At this time, **this answer is sufficient**.

Requests 8 and 9:

Mr. Perry states: As a medical doctor Mary Ann Chavez is aware of how long a 50mg shot of Haldol lasts. In Request 9, Mr. Perry states "As a medical doctor Mary Ann Chavez is aware of how long a 50 mg shot of Benadryl lasts."

Dr. Chavez objects to these Requests as ambiguous and uncertain in meaning, making it impossible to admit or deny; therefore, Defendant Chavez denies it in its entirety. Dr. Chavez states that many factors affect how long medication "lasts." Mr. Perry states these answers are

6

evasive. Dr. Chavez's response that these Requests are somewhat ambiguous. Accordingly, **her answers are sufficient**.

Request Nos. 11, 12, 13, 14, and 22: Dr. Chavez refused to answer each of these requests because these requests were presented in the form of questions and not as a request for admission. **The defendant shall treat these requests as interrogatories and respond accordingly**.

Request No. 16:

Mr. Perry states: "According to Perry MR-0311-0314 Mr. Perry requested protective custody on 02-01-17 while in the infirmary on the examination table." Dr. Chavez denied this Request.

While Mr. Perry disagrees with Dr. Chavez's answer, he may present evidence, including his own testimony and the document to support his position. Dr. Chavez is not required to admit this and **her answer is sufficient**.

Request No. 23:

Mr. Perry states, "According to records Benadryl is an allergy medication and for allergic reactions only."

Dr. Chavez's Response: "Denied." Mr. Perry objects to this response arguing that it is common knowledge that Benadryl is an allergy medication. Again, Mr. Perry may argue this point when it is necessary but Dr. Chavez is not required to admit it. **Her answer is sufficient**.

Requests 24 and 25

In Requests 24 and 25, Mr. Perry asks Dr. Chavez to admit or deny that certain statements were made in the defendants' answer. Dr. Chavez denies these requests stating that while the answer was prepared on her behalf, she is not aware of every statement made in it and is not required to be. Whether or not the defendant is aware of the statements made in the Answer, they

are expected to be true as required by Rule 11 of the Federal Rules of Civil Procedure, so admission occurs by operation of law.

C. *Daniel Rippetoe*

Request No. 1:

Mr. Perry states: "Daniel Rippetoe did agree to force medicate Mr. Perry against his will with the drug Haldol which is documented that he is allergic to on August 11th 2016 and February 1st 2017."

Defendant Rippetoe's Response: "Denied."

Mr. Perry simply disagrees with this response. **This answer is sufficient**.

Requests No. 2 and 3:

Mr. Perry states in Request No. 2: "According to document Perry MR-0424 'Report of Treatment Review Committee Hearing' dated August 11th 2016 and document Perry MR-0440 'Report of Treatment Review Committee Hearing' dated February 1st 2017 no questions were asked by Daniel Rippetoe or any Investigations done by Daniel Rippetoe."

In Request No. 3 he states: "According to document Perry MR-0035 Daniel Rippetoe was brought in as a support resource for the Investigation of forced antipsychotic medication."

Defendant Rippetoe denied both of these requests. To the extent Mr. Perry disagrees with these responses or believes he has contrary evidence, he may present it. **These answers are sufficient**.

Request No. 6:

Dr. Rippetoe refused to answer this requested because it was presented in the form of a question and not as a request for admission. **The defendant shall treat this request as an interrogatory and respond accordingly**.

8

Request No. 7:

Request No. 7 states: "On August 11th 2016 no Cogentin was ordered for Mr. Perry to take daily as a side-effect medication."

Defendant Rippetoe's Response: "Dr. Rippetoe objects to this Request as ambiguous, uncertain in meaning, and assuming facts not in evidence making it impossible to admit or deny; therefore, Defendant Rippetoe denies it in its entirety."

To the extent Mr. Perry disagrees with these responses or believes he has contrary evidence, he may present it. **This answer is sufficient**.

Request No. 8:

Request No. 8 states: "Defendant Daniel Rippetoe is fully aware of the dangerous side effects that Haldol liquid 50 mg injection can cause."

Defendant Rippetoe's Response: "Denied as stated. Although Defendant Rippetoe is familiar with Haldol and its side effects, he objects to Plaintiff's medical interpretation."

To the extent Mr. Perry disagrees with these responses or believes he has contrary evidence, he may present it. **This answer is sufficient**.

Request Nos. 9 and 10: These requests pertain to the length of time certain medications are effective. Defendant Rippetoe responded by stating that many factors are involved in determining how long a medication is effective. **These answers are sufficient**.

Request Nos. 12, 13, 14: These requests pertain to portions of Defendants' Answer to Plaintiff's complaint. Defendant Rippetoe denies these requests stating that while the answer was prepared on his behalf, he is not aware of every statement made in it and is not required to be. Whether or not the defendant is aware of the statements made in the Answer, they are expected to

9

be true as required by Rule 11 of the Federal Rules of Civil Procedure, so are admitted by operation of law.

D. *Brion Bertsch*

Request No. 2: "Brian Bertsch is aware of all second generation/atypical and antipsychotics."

Bertsch denied this request stating "It is not clear what Plaintiff is referring to by 'all second generation/atypical." Because this request is vague, **this answer is sufficient**.

Request No. 5: "Brian Bertsch is aware of the numerous healthcare requests I've put in according to documents Perry MR-0475, 0476, 0482, 0483, 0486, 0487. 0488, 0489, 0490, 0491, 0492, 0493, 0495, 0505, 0506, & 0407 that is in regards to the numerous amounts of combination of psyche meds he put me on starting from June 2016 until February 2017, which left me confused and troubled."

Bertsch responded stating "Defendant Bertsch objects to this Request as ambiguous, uncertain in meaning, and assuming facts not in evidence making it impossible to admit or deny; therefore, he denies it in its entirety." But this request asks Bertsch to admit whether he was aware of Mr. Perry's healthcare requests. **Bertsch shall have fourteen days admit or deny whether he was aware of the referenced healthcare requests**.

Request No. 6:

Request No. 6 states: "According to Indiana Department of Corrections policy and procedure HCSD-4.03 page 12 talks about very important tests that need to be done once initiating medication such as AIMS and EPS testing. This page also talks of other tests such as body weight, blood pressure, fasting blood glucose and lipid panel as well as serum drug levels."

10

Defendant Bertsch's Response: "Defendant Bertsch objects to this Request as ambiguous and uncertain in meaning, making it impossible to admit or deny; therefore, he denies it in its entirety." **This answer is sufficient**. If Mr. Perry wishes to present this document as evidence in support of his claims, he may do so.

Request No. 7:

Request No. 7 states: "Brian Bertsch is aware of the dangers of mixing two different medications from different classes and more than one medication from the same class."

Defendant Bertsch's Response: "Defendant Bertsch objects to this Request as ambiguous, illogical, and uncertain in meaning, making it impossible to admit or deny; therefore, he denies it in its entirety." Because the request is vague and ambiguous, **this answer is sufficient.**

Request Nos. 8 - 17, 19, 21, and 22 - 24: These requests pertain to Mr. Perry's statements regarding the content of his medical records.

Defendant Bertsch denied each of these requests. His **answers are sufficient**. If Mr. Perry wishes to present the medical records as evidence in support of his claims, he may do so.

Request No. 25: This request pertains to portions of Defendants' Answer to Plaintiff's complaint. Bertsch denies these request stating that while the answer was prepared on his behalf, he is not aware of every statement made in it and is not required to be. Whether or not the defendant is aware of the statements made in the Answer, they are expected to be true as required by Rule 11 of the Federal Rules of Civil Procedure, so they are admitted by operation of law.

E. *Lisa Robtoy*

Request No. 1:

Request No. 1 states: "Lisa Robtoy did agree to force medicate Mr. Perry with a drug Haldol that is documented in his medical records as an allergy."

Defendant Robtoy's Response: "Denied."

To the extent that Mr. Perry believes he is allergic to Haldol, he may present contrary evidence, but **this answer is sufficient**.

Request No. 2:

Request No. 2 states: "Plaintiff did inform Lisa Robtoy on August 11th 2016 that he is allergic to Haldol and it makes it hard for him to breathe."

Defendant Robtoy's Response:

Denied as stated. Ms. Robtoy was present at the August 11, 2016 treatment review committee hearing and the record of the hearing states that the offender's comments were as follows: "He stated that involuntary medication was ordered by psychiatrist as a personal vendetta against him. He said that the dangers he is reacting to are actual dangers. He said that the gang that attacked him is still here; the one who put the hit out on him is still on the south side. He said that write-up on battery was unfair. He spoke of 2 attacks both in OIS for 2016, one of which happened in 2014 before he went to court and was heard in 2016 when he returned. He spoke of how unreliable was the officer who wrote him up on the alleged threat toward custody. He said that with respect to assault, he was attacked with tv and he was given assault write-up and nothing happened to the person who attacked him. He spoke of believing his food was poisoned and said that there was another inmate who believed it at the same time and was placed onto suicide precautions. He said that he was allergic to Haldol, that he couldn't breathe well and locked up. He said that he had been pronounced 'of sound mind, free of mental disorder.'"

Because Robtoy states in her response that Mr. Perry stated that he was allergic to Haldol, this request is **deemed admitted**.

Request Nos. 3 and 4:

Mr. Perry states in Request No. 3: "According to HCSD-4.03 page 10, number 3-Consent and Confidentiality says 'MHP's are responsible for obtaining offender's informed consent by completing the Consent for Treatment and Limits of Confidentiality', located in the EMR document library, prior to undertaking any therapeutic intervention other than crisis management."

In Request No. 4, he states, "According to Request for Documents there isn't a signed consent form by me with Lisa Robtoy ever."

Defendant Robtoy objected to these requests as ambiguous and uncertain in meaning, making it impossible to admit or deny; therefore, they were denied. **These answers are sufficient**. Mr. Perry may present contrary evidence.

Request No. 6

Mr. Perry states: "According to document Perry MR-0424 Lisa Robtoy never brought forth this document to support my claims."

Defendant Robtoy's Response: "Defendant Robtoy objects to this Request as ambiguous and uncertain in meaning, making it impossible to admit or deny; therefore, she denies it in its entirety." **This answer is sufficient**.

Request Nos. 7 and 10:

Request No. 7 states: "According to document Perry MR-0424 Lisa Robtoy never brought forth any evidence or statements to this hearing."

Defendant Robtoy's Response: "Denied. There are no such statements in the Report of the Treatment Review Committee. (Perry MR-0424)."

Request No. 10 states: "According to documents Perry MR-0067-0068 generated by Donna Lockhart Plaintiff Perry was on suicide observation and property restrictions unable to possess a pen or pencil to sign 'Notice of Treatment Review Committee Hearing'".

Defendant Robtoy denied these Requests. **These answers are sufficient**.

Request No. 11:

Mr. Perry states, "According to Perry's conduct history Lisa Robtoy never wrote Perry a conduct report at all."

13

Defendant Robtoy responded stating: "Defendant Robtoy does not have access to Mr. Perry's conduct history and cannot admit or deny whether she personally wrote any of his conduct reports. In any event, the conduct reports speak for themselves."

Robtoy asserts that this Request refers to documents in the possession of the DOC and that she cannot admit or deny Mr. Perry's conduct report history. But she should be able to admit or deny whether she personally wrote a conduct report. Accordingly, this Request is **deemed admitted**.

Request Nos. 12-20 and 22-25:

These requests pertain to Mr. Perry's interpretation of his medical records and include his interpretation of documents provided to him by co-defendant Mitcheff. The Corizon defendants object to interpreting the documents or verifying Mitcheff's interpretation of them. Mr. Perry may present the documents as evidence in support of his claims. Otherwise, **these answers are sufficient**.

### III. Conclusion

As discussed above, Mr. Perry's motion for failure to comply, dkt. [157], is **granted in part and denied in part**.

- The following of Mr. Perry's Requests for Admission are **deemed admitted**:

  Requests No. 2 and 16 to Mary Ruth Sims;

  Request No. 3 to Mary Chavez; and

  Requests No. 2 and 11 to Lisa Robtoy.

- The defendants shall treat the following requests as interrogatories and respond appropriately:

  Request Nos. 18, 19, 20, 21, and 22 to Mary Ruth Sims

  Request Nos. 11, 12, 13, 14, and 22 to Mary Chavez; and

14

Request No. 6 to Daniel Rippetoe.

- In addition, the defendants shall take the following steps:

Defendant Sims shall have **seven** days to notify the Court whether she has a copy of a document labeled Perry IDOC 0042. If she has a copy of it, she shall also admit or deny its genuineness. If she does not, Mr. Perry shall provide her with a copy within **fourteen days** of this Entry and she will have **seven days** after receiving it to admit or deny its genuineness.

Defendant Bertsch shall have **fourteen days** to admit or deny that he was aware of the healthcare requests referenced in Mr. Perry's Request No. 5.

**IT IS SO ORDERED.**

Date: 9/28/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov